IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MERIDIAN FH TEXAS, LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| WESTSTAR BANK, WESTSTAR INSURANCE AGENCY, INC., and ROBERTA OLGUIN, | § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Meridian FH Texas, LLC (hereinafter "Plaintiff" or "Meridian") and files this Original Complaint (hereinafter "this Complaint") complaining of Defendants WestStar Bank ("WestStar Bank"), WestStar Insurance Agency, Inc. ("WestStar Insurance"), and Roberta Olguin ("Olguin") (WestStar Bank, WestStar Insurance, and Olguin are sometimes collectively referred to as "Defendants") in the above-referenced lawsuit (hereinafter this "Action"), and shows the Court as follows:

## WHAT THIS LAWSUIT IS ABOUT

1.      WestStar Bank wanted Meridian's business. But instead of paying Meridian for the value of the assets Meridian spent years building, Defendants illegally used Meridian's confidential and proprietary trade secrets to harm Meridian and misappropriate its assets. And harm they did – when Meridian sold its assets recently to a third party, the price which it received

was significantly less than it would have been in the absence of Defendants' illegal actions. Meridian files suit to hold Defendants' liable for those wrongful acts.

## THE PARTIES

2.   Meridian is a limited liability company organized under Texas law, whose sole member is a citizen of Arizona.

3.   WestStar Bank is a financial institution organized under Texas law, with its principal place of business in Texas.

4.   WestStar Insurance is a for-profit company organized under Texas law, with its principal place of business in Texas.

5.   Olguin in an individual resident of Texas.

## SERVICE

6.   WestStar Bank may be served with process by serving its registered agent, Lisa Saenz, 500 N. Mesa St., PO Box 99100, El Paso, Texas, or wherever WestStar Bank may be found.

7.   WestStar Insurance may be served with process by serving its registered agent, Lisa Saenz, 500 N. Mesa St., PO Box 99100, El Paso, Texas, or wherever WestStar Insurance may be found.

8.   Olguin may be served at her regular place of business, 641 N. Stanton, Suite 300, El Paso, Texas 79901, or wherever Olguin may be found.

## JURISDICTION AND VENUE

9. There exists complete diversity between the parties. Meridian, a limited liability company, is a citizen of the state in which its member is a citizen – Arizona. Defendants are citizens of Texas. Moreover, the amount in controversy exceeds $75,000.00.

10. Defendants are subject to personal jurisdiction because they have extensive minimum contacts with Texas. Venue is proper in the Western District of Texas, El Paso Division, because this is the District and Division in which Defendants reside, and where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

### Meridian was a successful insurance agency in El Paso that protected its confidential and proprietary trade secrets.

11. Meridian operated a retail insurance agency in El Paso, Texas. Meridian offered various lines of insurance, including business, home and auto insurance.

12. The most significant assets of insurance agencies are client information and goodwill, including but not limited to, confidential information related to the expiration of policies, premiums, claim history, exposure information, clients' insurance needs and preferences, and client relationships. Meridian is no different, and Meridian takes significant precautions to protect its trade secrets, including password protection and other reasonable safeguards. Meridian's confidential and proprietary trade secrets help ensure Meridian will continue to be successful in the industry.

13. Meridian's employees contractually agreed to protect and not disclose Meridian's trade secrets.

14. Meridian had a legitimate and important business interest in protecting Meridian's goodwill and relationships with customers from exploitation to its detriment by competitors and persons with whom it has provided its trade secrets. Further, Meridian had a legitimate and important business interest in protecting its goodwill and relationships with its clients.

**WestStar Bank considers purchasing Meridian, but instead conspires to misappropriate its confidential and proprietary trade secrets and poach Meridian's key employees.**

15. WestStar Bank was interested in starting an insurance agency of its own. To that end, in late 2014 WestStar Bank approached Meridian about a possible purchase of Meridian's business. WestStar knew Meridian through contacts with Olguin, who was Meridian's key employee.

16. Consistent with Meridian's practice of safeguarding its confidential and proprietary information and Meridian's interest in protecting the value of its employees who possessed that confidential and proprietary information, Meridian insisted that WestStar Bank agree to a non-disclosure and non-solicitation agreement *before* Meridian would disclose its financial information to WestStar Bank. Negotiations over the terms of that agreement broke down.

17. Olguin was subject to an employment agreement with Meridian that provided prohibitions on the disclosure of Meridian's confidential and proprietary trade secrets, as well as

non-solicit and non-compete covenants. Olguin committed to remaining with Meridian, despite the breakdown in negotiations with WestStar Bank.

18. Six months later, Olguin informed Meridian that she intended to resign. She told Meridian that she was not leaving to take another job, that she was simply "burned out," and that she was going to work with a headhunter to secure another job. Olguin's employment with Meridian ended on June 26, 2015.

19. Only *10* days later, on July 6, 2015, WestStar Bank formed WestStar Insurance.

20. In August or September of 2015, Meridian became aware that Olguin made material misrepresentations to Meridian. Despite Olguin's statements to the contrary, she in fact *did* have another job lined up – she started working for WestStar Bank and/or WestStar Insurance in June of 2015, *days* after her employment with Meridian ended.

21. In February 2016, WestStar Bank again approached Meridian about buying its assets. Meridian sent WestStar Bank a non-disclosure agreement. The next month, WestStar Bank informed Meridian that it was "passing" on the purchase, and WestStar did not sign the non-disclosure agreement Meridian sent.

22. In June 2016, Meridian's personal lines account manager, Cristina Lopez, resigned. She refused to provide Meridian with the name of her new employer. Unbeknownst to Meridian, Ms. Lopez had already accepted a position with WestStar Bank and/or WestStar Insurance. Meridian discovered Ms. Lopez's employment with WestStar Bank or WestStar Insurance months later.

23. From July 2016 to January 2017, Meridian saw a mass exodus of clients and attendant revenue to WestStar Insurance. Defendants' surreptitious plan was working.

24. Upon information and belief, Olguin took Meridian's confidential and proprietary trade secrets to unfairly compete with Meridian.

25. On March 1, 2017, Meridian sold substantially all of its assets to a third party. Excluded from the sale, however, were Meridian's claims against Defendants.

## COUNT I
## BREACH OF CONTRACT

26. A cause of action is pled against Olguin for breach of contract. The allegations contained in all of the paragraphs of this Action are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

27. Plaintiff entered into a valid written contract with Olguin on April 1, 2011.

28. Plaintiff gave Olguin valuable consideration and fully performed all duties required of Plaintiff or tendered performance of or was excused from performing Plaintiff's contractual obligations under the contract and satisfied all conditions precedent under the contract. Olguin breached said contract by refusing to follow the express and/or implied terms of said contract. In particular, Olguin breached said contract by disclosing Plaintiff's confidential information, soliciting Meridian's employees and clients, and competing. As a direct and proximate consequence of Olguin's breach, Plaintiff suffered damages in an amount in excess of the minimum jurisdictional requirements of this Court.

29. Because of the above-described breach of contract, Plaintiff had to retain attorneys to prosecute this Action and agreed to pay the retained attorneys a reasonable fee. Pursuant to

Texas Civil Practice & Remedies Code §§ 38.000-38.006 et seq., Plaintiff gave Olguin proper notice of Plaintiff's claim and proper notice of this claim for attorneys' fees.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS

30. A cause of action is pled against Olguin for misappropriation, disclosure, theft and/or misuse of Plaintiff's trade secrets and confidential proprietary information. The allegations contained in all of the paragraphs of this Action are hereby reaverred and realleged for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

31. Olguin was employed by Plaintiff and pursuant to the common law of Texas, had a fiduciary and common law obligation to keep all of Plaintiff's trade secrets and confidential proprietary business methods strictly confidential.

32. In addition, Olguin signed a contract with Plaintiff contractually obligating Olguin to keep Plaintiff's secrets and confidential proprietary business methods strictly confidential.

33. Olguin breached these obligations to keep Plaintiff's trade secrets and confidential proprietary business methods strictly confidential. As a proximate result of Olguin's failure to abide by her promises and representations, Plaintiff suffered damages in excess of the minimum jurisdictional requirements of this Court.

## COUNT III
## BREACH OF FIDUCIARY DUTY

34. A cause of action is pled against Olguin for breach of fiduciary duty. The allegations contained in all the preceding paragraphs of this pleading are hereby re-averred and re-alleged for all purposes with the same force and effect as if set forth verbatim.

35. As an individual working for Plaintiff who was entrusted with trade secrets and confidential information, Olguin was in a position that gives rise to fiduciary duties owed by Olguin to Plaintiff. Olguin stole from Plaintiff and misappropriated Plaintiff's confidential and proprietary trade secrets, either alone or in concert with other persons or entities. Olguin derived personal gain through the breach of her fiduciary duty.

36. Each of Olguin's above-referenced acts or omissions, singularly or in combination with others, constitutes a breach of fiduciary. Defendants' breach was the proximate cause of significant, but largely incalculable, damages to Plaintiff which are within the jurisdictional limits of this court.

## COUNT IV
## CIVIL THEFT/CONVERSION

37. A cause of action is pled against Olguin for theft/conversion. The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein

38. Olguin misappropriated Plaintiff's property without Plaintiff's consent with the intent to deprive Plaintiff.

39. In connection with Olguin's work for Meridian and in reliance on Olguin's agreements, promises, covenants, and common law duties, Plaintiff entrusted Olguin with Plaintiff's trade secrets, client lists, and confidential proprietary business methods.

40. Since Olguin ceased working with Plaintiff, Olguin unlawfully and without authority assumed dominion and control over Plaintiff's trade secrets and confidential proprietary business methods, among other property and data.

41. Each of the above-referenced acts or omissions singularly and in combination with others constitutes conversion. Olguin's conversion of Plaintiff's property was and is the proximate cause of significant damages to Plaintiff, which are within the jurisdictional limits of this court.

### COUNT V
### FRAUD

42. A cause of action is pled against Defendants for fraud. The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

43. As delineated in more detail above, Olguin made representations to Plaintiff. At the time Olguin made the representations, she knew they were false, made them in bad faith, and/or made them with a conscious indifference to their truth or falsity. Olguin made these fraudulent representations so she could conceal her misappropriation and use of Plaintiff's trade secrets, and conceal her other improper conduct.

44. Olguin's fraudulent acts caused Plaintiff damages in an amount within the jurisdictional limits of this Court. Further, as a result of the clear and convincing evidence, Plaintiff is entitled to exemplary damages from Olguin for her conduct.

### COUNT VI
### UNJUST ENRICHMENT

45. A cause of action is pled against Defendants for unjust enrichment. The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

46. Olguin wrongfully kept, used, copied and downloaded Plaintiff's trade secrets. Olguin knew that she should not retain the data she stole from Plaintiff.

47. As a result, Olguin has been unjustly enriched by retaining ill-gotten funds, and should not be allowed to keep the funds she unlawfully took. Plaintiff has been damaged in the amount stolen or fraudulently obtained.

48. As a result of Olguin's actions, Plaintiff suffered damages in an amount within the jurisdictional limits of this Court.

## COUNT VII
## TORTIOUS INTERFERENCE WITH CONTRACT
## AND/OR PROSPECTIVE BUSINESS RELATIONSHIP

49. A cause of action is pled against Defendants for tortious interference with contract and/or prospective business relationships. The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes with the same force and effect as if set forth verbatim.

50. Defendants willfully and intentionally interfered with valid contracts or prospective business relationships between Plaintiff and its customers, and Olguin and other employees. As a result of Defendants' interference, Plaintiff has suffered injury and incurred actual damage and loss.

51. Defendants' tortious interference with Plaintiff's contracts was and is the proximate cause of significant damages to Plaintiff, which are within the jurisdictional limits of this Court.

## COUNT VIII
## **CONSTRUCTIVE TRUST AND FOR ACCOUNTING**

52. A cause of action is pled against Defendants for an accounting and a constructive trust. The allegations contained in all the paragraphs of this pleading are hereby re-averred and re-alleged for all purposes, with the same force and effect as if set forth verbatim herein.

53. Defendants improperly obtained financial benefits by misappropriating and using Plaintiff's property and trade secrets. The exact nature and extent of the improperly obtained monies and property by Defendants cannot be determined without an accounting of the transactions of the parties. Examination of such records is necessary since there is no adequate remedy at law, and it is necessary to establish the value of the property improperly gained by Defendants.

54. It is unconscionable and improper for Defendants to retain, use, and misappropriate Plaintiff's property and assets.

55. It is necessary to impose a constructive trust on the gross revenues, profits, benefits, monies, earnings and total remuneration Defendants derived from exercising dominion over Plaintiffs' property.

56. Plaintiff has suffered damages within the jurisdictional limits of this Court as a proximate result of the foregoing.

## COUNT IX
## CIVIL CONSPIRACY & AIDING AND ABETTING

57. A claim is pled against Defendants for civil conspiracy and aiding and abetting. The allegations contained in all of the paragraphs of this Action are hereby reaverred and realleged for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

58. Upon information and belief, Defendants agreed and had a meeting of the minds to engage in a conspiracy to commit the above-referenced wrongful actions. Defendants conspired and worked together to design and implement a plan to, among other things, misappropriate Plaintiff's confidential proprietary trade secrets, tortiously interfere with Plaintiff's contracts, and/or to breach contractual duties owed to Plaintiff. Defendants engaged in overt acts described in more detail above, in furtherance of their wrongful objectives, and committed the above-referenced wrongful acts and/or omissions without legal justification and/or otherwise unlawfully.

59. In addition and/or the alternative, Defendants intended to assist and did assist in such wrongful acts and omissions by, among other things, approving and/or acquiescing in such conduct.

60. As a direct and/or proximate result of Defendants' wrongful conduct, Plaintiff suffered and will continue to suffer damages, which are in excess of this Court's minimum jurisdictional requests. Accordingly, Plaintiff is entitled to monetary, compensatory, economic and/or consequential damages from Defendants in an amount to be determined by a jury.

61. In addition and/or the alternative, by and through the doctrines of vicarious liability, *respondeat superior*, express or apparent agency, joint enterprise liability and/or master/servant

relationship, among other things, Defendants are liable for all of the wrongful acts and/or omissions of their agents, representatives, joint venturers, employees, and/or associates/affiliates.

62. In addition and/or the alternative, Defendants committed these wrongful omissions intentionally, willfully and/or with reckless disregard of Plaintiff's rights and welfare. Therefore, Plaintiff is entitled to exemplary damages against Defendants in an amount to be determined by a jury. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in excess of the minimum jurisdictional requirements of this Court.

## CONDITIONS PRECEDENT

63. All conditions precedent to all relief being sought by Plaintiff have been met, performed, occurred, and/or waived.

## RESERVATION OF RIGHTS

64. The right to bring additional causes of action and to amend this complaint, as necessary, is specifically reserved.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, prayer is hereby made that Defendants be cited to appear and to answer herein and that upon final hearing, the court enter judgment in favor of Plaintiff against Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional requirements of this Court, for compensatory damages, exemplary damages, reasonable attorneys' fees, reasonable paralegal fees, costs of court and pre- and post-judgment interest at the highest rate allowed by law, and also enter an order revoking any license enabling Defendants to

operate in Texas and revoking any certificate authorizing Defendants to do business in Texas if any judgment rendered in this case has not been satisfied within three (3) months from the date of filing said final judgment, and for such other and further relief, general or special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

*/s/  Brian P. Shaw*
**ROGGE DUNN, ESQ.**
State Bar No. 06249500

Email:  dunn@clousedunn.com

**JOSHUA IACUONE, ESQ.**
State Bar No. 24036818
Email:  josh@clousedunn.com

**BRIAN SHAW, ESQ.**
State Bar No. 24053473
Email:  shaw@clousedunn.com

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone:  (214) 220-3888
Facsimile:   (214) 220-3833

**ATTORNEYS FOR PLAINTIFF**